**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000432
27-AUG-2025
09:37 AM
Dkt. 42 SO**

NO. CAAP-23-0000432

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
TROY D. BORGE, JR., Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-20-0000288(3))

<u>SUMMARY DISPOSITION ORDER</u>
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant **State** of Hawaiʻi appeals from the Circuit Court of the Second Circuit's[1] June 22, 2023 order granting in part Defendant-Appellee Troy **Borge**'s motion to vacate the circuit court's "Order Re Dismissal of Indictment" (**June 22 Vacating Order**). On appeal, the State contends the circuit court erred in not determining whether the dismissal was with or without prejudice, while Borge contends we lack

---

[1] The Honorable Kelsey T. Kawano presided.

jurisdiction because the State's appeal was untimely.  We have jurisdiction over this appeal, and vacate and remand.

This case is on appeal for a second time.  In the first appeal from this case, the Hawaiʻi Supreme Court held the circuit court abused its discretion in denying Borge's motion to dismiss the indictment.  State v. Borge, 152 Hawaiʻi 458, 466, 526 P.3d 435, 443 (2023).  Borge's motion to dismiss the indictment was based on prosecutorial misconduct before the grand jury.  See id.

The supreme court held that the prosecutor committed misconduct and vacated, among other orders,[2] the circuit court's order denying Borge's motion to dismiss the indictment.  Id. at 466, 466 n.12, 469, 526 P.3d at 443, 443 n.12, 446.  The supreme court then remanded the case "to the circuit court for dismissal of the indictment and further proceedings consistent with this opinion."  Id. at 469, 526 P.3d at 446.  Echoing its opinion, the supreme court's judgment noted in part "[t]his case is remanded to the circuit court for dismissal of the indictment and further proceedings consistent with this opinion."

On remand, the circuit court dismissed the indictment on May 3, 2023 (**May 3 Dismissal Order**).  The State then moved to clarify whether the dismissal was with or without prejudice.  In

---

[2]  The supreme court also vacated the circuit court's June 7, 2021 judgment of conviction and sentence and the June 17, 2021 free-standing order of restitution.  Borge, 152 Hawaiʻi at 469, 526 P.3d at 446.

its order disposing of the motion to clarify (**May 15 Order Re Dismissal of Indictment**), the circuit court noted there was "no explicit direction from the Supreme Court directing that a dismissal of the indictment be with prejudice" and ordered dismissal be without prejudice.

Borge moved to vacate the May 15 Order Re Dismissal of Indictment, arguing it exceeded the scope of remand. In its June 22 Vacating Order, the circuit court granted Borge's motion in part, vacating and setting aside the May 15 Order Re Dismissal of Indictment and declaring its May 3 Dismissal Order "shall remain in full force and effect." The State appealed from the June 22 Vacating Order.

On appeal, the State contends the circuit court erred in not determining whether the dismissal should be with or without prejudice, while Borge contends this court lacks jurisdiction because the State's appeal was untimely.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand.

**(1)** We first address Borge's contention that this court lacks jurisdiction because the State's appeal was untimely filed. Borge argues the State's appeal was untimely because the

State filed its notice of appeal more than thirty days after the May 3 Dismissal Order.

A "post-judgment order is appealable in its own right only if it meets the test of finality applicable to all judicial decisions." State v. Spears, 129 Hawaiʻi 29, 292 P.3d 233, Nos. 30690, 30529, and 30530, 2013 WL 257128, at *6 (App. Jan. 23, 2013) (SDO) (citation omitted). "Final order means an order ending the proceedings, leaving nothing further to be accomplished." Id. (cleaned up).

The May 3 Dismissal Order fully resolved all issues in the underlying case. Thus, Borge's motion to vacate the May 15 Order Re Dismissal of Indictment was a post-judgment motion. And the June 22 Vacating Order disposing of that post-judgment motion was a post-judgment order, which was appealable. See generally Spears, 2013 WL 257128, at *6. The State filed its notice of appeal within thirty days of the circuit court entering the June 22 Vacating Order.

Thus, the State's notice of appeal was timely and this court has jurisdiction over this appeal.

**(2)** The State contends the circuit court erred in failing to determine whether the dismissal was with or without prejudice.

Generally, "a trial court's inherent power to dismiss a criminal case with prejudice is relevant and applicable to the

exercise of inherent power[.]"  State v. Mageo, 78 Hawaiʻi 33, 38, 889 P.2d 1092, 1097 (App. 1995).  "Obviously, the power would embrace the discretion to dismiss without prejudice, if appropriate under the circumstances."  Id. at 38 n.10, 889 P.2d at 1097 n.10.

When dismissing with prejudice, the trial court "should issue written factual findings setting forth [its] reasons for dismissal with prejudice so that a reviewing court may accurately assess whether the trial court duly exercised its discretion."  State v. Hinesley, 149 Hawaiʻi 380, 490 P.3d 1141, No. CAAP-18-0000506, 2021 WL 3113037, at *6 (App. July 22, 2021) (mem. op.) (formatting altered) (quoting Mageo, 79 Hawaiʻi at 38, 889 P.2d at 1097).  And where there are no written findings "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system[,]" the case will be remanded for determination on whether dismissal should be with or without prejudice.  Hinesley, 2021 WL 3113037, at *6, *8 (remanding case for further proceedings to determine whether certain counts should be dismissed with or without prejudice where the trial court failed to provide "written findings balancing the interests of the State in prosecuting crime . . . or addressing the orderly functioning of the court system").

To summarize, dismissing an indictment ends the case, and innately requires the circuit court to determine whether the dismissal should be with or without prejudice. A dismissal without prejudice allows the State to refile charges, while a dismissal with prejudice does not. See generally State v. Kalani, 87 Hawai'i 260, 262, 953 P.2d 1358, 1360 (1998). And a trial court should provide written findings showing it balanced the State's interest with fairness to the defendant and orderly functioning of the court. See Hinesley, 2021 WL 3113037, at *6, *7. Without such findings, a case must be remanded.

Borge argues the determination of whether the dismissal is with or without prejudice exceeds the scope of remand. In the earlier appeal, the supreme court vacated the circuit court's order denying Borge's motion to dismiss the indictment and remanded "to the circuit court for dismissal of the indictment and further proceedings consistent with this opinion." Borge, 152 Hawai'i at 469, 526 P.3d at 446.

"When a reviewing court remands a matter with specific instructions, the trial court is powerless to undertake any proceedings beyond those specified therein." Standard Mgmt., Inc. v. Kekona, 99 Hawai'i 125, 137, 53 P.3d 264, 276 (App. 2001) (citation omitted). But "[t]he 'true intent and meaning' of a reviewing court's mandate is not to be found in a solitary word or decontextualized phrase, but rather in the opinion, as a

whole, read in conjunction with the judgment and interpreted in light of the case's procedural history and context." In re Hawaiʻi Elec. Light Co., 149 Hawaiʻi 239, 241, 487 P.3d 708, 710 (2021).

After reviewing the opinion, judgment, and history and context of this case, we construe the supreme court's directive to conduct "further proceedings" as requiring the circuit court to determine whether the dismissal should be with or without prejudice and to enter written findings. See Borge, 152 Hawaiʻi at 469, 526 P.3d at 446; see generally In re Hawaiʻi Elec. Light Co., 149 Hawaiʻi at 241, 487 P.3d at 710. Otherwise, as related to the first appeal, there were no other "further proceedings" to be had when ordering the dismissal of the indictment because the case based on that indictment ends upon dismissal.

Based on the foregoing, we vacate the circuit court's May 3, 2023 Dismissal Order and June 22, 2023 Vacating Order, and remand this case for proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, August 27, 2025.

On the briefs:

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Hayden Aluli,
for Defendant-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge