**Electronically Filed**
**Supreme Court**
**SCOT-20-0000569**
**24-MAY-2021**
**09:13 AM**
**Dkt. 289 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

In the Matter of the Application of

HAWAI'I ELECTRIC LIGHT COMPANY, INC.

For Approval of a Power Purchase Agreement for Renewable
Dispatchable Firm Energy and Capacity.

SCOT-20-0000569

APPEAL FROM THE PUBLIC UTILITIES COMMISSION
(Docket No. 2017-0122)

MAY 24, 2021

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.;
WITH WILSON, J., ALSO CONCURRING SEPARATELY

OPINION OF THE COURT BY EDDINS, J.

Appellant Hu Honua Bioenergy, LLC ("Hu Honua") appeals

the Public Utilities Commission's ("PUC") Order No. 37205, which

"denied" a competitive bidding waiver to Hawai'i Electric Light

Company, Inc. ("HELCO"). Hu Honua also appeals the PUC's Order

No. 37306, which denied Hu Honua's request for reconsideration

of Order No. 37205. Because both Order No. 37205 and Order No.

37306 spring from a misreading of the holding in Matter of Hawai'i Elec. Light Co., Inc., 145 Hawai'i 1, 445 P.3d 673 (2019) ("HELCO I"), we vacate them and remand this case to the PUC for further proceedings consistent with this opinion and the court's instructions in HELCO I.

## I. BACKGROUND

The PUC oversees and regulates public utilities in Hawai'i. Under the PUC's Competitive Bidding Framework, HELCO's acquisition of new renewable energy generation sources typically occurs through competitive bidding; normally, only contracts identified through the competitive bidding process are presented to the PUC for approval. In 2017, however, the PUC granted HELCO a waiver from competitive bidding (the "2017 waiver") for a proposed power purchase agreement HELCO wanted to enter with Hu Honua (the "Amended PPA"). Because of the 2017 waiver, the PUC considered the merits of the Amended PPA even though it had not been selected through competitive bidding. The 2017 waiver was then issued alongside the PUC's approval of the Amended PPA in a single decision and order (the "2017 D&O").

The community and environmental group Life of the Land ("LOL") directly appealed the PUC's 2017 D&O to this court. It argued that the PUC's consideration of the Amended PPA failed to consider greenhouse gas emissions as required by Hawai'i Revised Statutes ("HRS") § 269-6(b). It also argued that the procedures

2

the PUC used and the participation status it afforded LOL denied LOL the due process necessary to protect its constitutional right to a clean and healthful environment.

In HELCO I, we agreed with LOL. We vacated the 2017 D&O and remanded the case. We instructed: "On remand, the PUC shall give explicit consideration to the reduction of [greenhouse gas] emissions in determining whether to approve the Amended PPA, and make the findings necessary for this court to determine whether the PUC satisfied its obligations under HRS § 269-6(b)." HELCO I, 145 Hawai'i at 25, 445 P.3d at 697. The last line of our opinion read: "The PUC's 2017 D&O is therefore vacated and this case is remanded to the PUC for proceedings consistent with this opinion." Id. at 28, 445 P.3d at 700.

On remand, the PUC reopened the 2017 docket. Operating under the belief that HELCO I nullified the 2017 waiver by vacating "the 2017 D&O," the PUC solicited testimony, evidence, and briefing from the parties on several issues including whether it should reissue HELCO a competitive bidding waiver. Eventually, the PUC issued Order No. 37205, denying HELCO's request for a waiver. Because it denied HELCO a waiver from the competitive bidding framework, the PUC declined to hold an evidentiary hearing or consider the merits of the Amended PPA. Hu Honua moved for reconsideration. The PUC rejected that motion in Order No. 37306.

3

In Order No. 37306, the PUC explained that its re-evaluation of HELCO's waiver request was unavoidable because HELCO I had vacated the 2017 waiver:

> In light of the Court's ruling vacating the 2017 D&O in its entirety, on remand, the Commission was required to "redo" the proceeding to ensure that LOL was provided meaningful opportunity to be heard on the Project's impacts on its members' constitutional rights under HRS Chapter 269.

The compulsory "redo," the PUC stated, covered the waiver determination since "[t]he issue of the waiver, along with all the other findings and conclusions in the 2017 D&O, were vacated by the Court's decision [in HELCO I]."[1]

On appeal, Hu Honua contests the PUC's understanding of HELCO I's effect on the 2017 waiver.  It asserts that HELCO I vacated *only* the PUC's 2017 approval of the Amended PPA.  Because HELCO I left the 2017 waiver intact, Hu Honua argues, the HELCO I remand did not require the PUC to re-open the waiver issue.  For the reasons outlined below, we agree with Hu Honua: HELCO I did not vacate the 2017 waiver and, by extension, did not require the PUC to revisit the threshold waiver issue.

---

[1] In its briefing before this court, the PUC similarly stressed that because HELCO I "nullified" the 2017 waiver "along with the rest of the 2017 D&O," the Commission was required to "start again on remand, as if the 2017 D&O had never been rendered, including with respect to HELCO's request for a waiver." And again, during oral argument, the PUC advanced the same explanation of why it had to revisit the waiver issue on remand:

> [S]o this Court's HELCO I opinion specifically said that the Commission . . . was to conduct proceedings in accordance with this Court's opinion and because this Court completely vacated the Commission's decision, in its entirety, with respect, there was no waiver left on the record.

4

## II.  DISCUSSION

On remand, a trial court must closely adhere to the true intent and meaning of the appellate court's mandate.  See State v. Lincoln, 72 Haw. 480, 485, 825 P.2d 64, 68 (1992) (quoting 5 Am.Jur.2d Appeal and Error § 991 (1962 & Supp.1991) (footnote omitted)).  Likewise, administrative agencies are bound by reviewing courts' remand orders.  See Fed. Power Comm'n v. Pac. Power & Light Co., 307 U.S. 156, 160 (1939).

The "true intent and meaning" of a reviewing court's mandate is not to be found in a solitary word or decontextualized phrase, but rather in the opinion, as a whole, read in conjunction with the judgment and interpreted in light of the case's procedural history and context.  See Frost v. Liberty Mut. Ins. Co., 813 S.W.2d 302, 305 (Mo. 1991)("It is well settled that the mandate is not to be read and applied in a vacuum.  The opinion is part of the mandate and must be used to interpret the mandate . . . .") (cleaned up).[2]

The first sentence of our opinion in HELCO I describes the case as arising from "the [PUC's] approval of an [Amended PPA] between [HELCO] and Hu Honua Bioenergy, LLC."  And all of

---

[2] The "cleaned up" parenthetical signals that extraneous material such as internal quotation marks, citations, and alterations have been excised from a quote, and that these removals have not changed the meaning of the quoted text.  See, e.g., Brownback v. King, 141 S.Ct. 740, 748 (2021) (using "(cleaned up)"); Andrade v. Cty. of Hawaiʻi, 145 Hawaiʻi 265, 269, 451 P.3d 1, 5 (App. 2019) (same); United States v. Reyes, 866 F.3d 316, 321 (5th Cir. 2017) (same).

the analysis and discussion that follow reflect our exclusive concern with the PUC's consideration of the Amended PPA and LOL's due process rights.  No party in HELCO I made an argument about the 2017 waiver.  There was no mention of the 2017 waiver in HELCO I.  Likewise, our judgment in HELCO I made clear that this court was concerned with the 2017 D&O only to the extent it addressed the Amended PPA.  The judgment read:

> Pursuant to the opinion of the Supreme Court of the State of Hawai'i entered on May 10, 2019, the Public Utilities Commission's (PUC) Decision and Order No. 34726 filed on July 28, 2017, approving the Amended Power Purchase Agreement, is vacated and this case is remanded to the PUC for proceedings consistent with the opinion.

(Emphasis added.)

The PUC's interpretation of HELCO I's implications for the 2017 waiver rests on a single phrase in the opinion's last sentence: "[t]he PUC's 2017 D&O is therefore vacated . . . ."  The PUC reads these seven words as vacating the 2017 waiver, which was issued as part of the 2017 D&O.  But this interpretation only works if *everything else* in the HELCO I opinion and the language of the judgment is ignored.  This blinkered approach is unreasonable given that the scope of remand is determined "not by formula, but by inference from the opinion as a whole."  United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996).

HELCO I focused on ensuring that the PUC complied with its statutory and constitutional obligations and respected LOL's

6

due process rights *in connection with the PUC's consideration of the Amended PPA*. So, it was unreasonable for the PUC to view HELCO I as requiring that the PUC potentially thwart the need for that consideration by revisiting the threshold waiver issue. This is particularly true given that within the body of the opinion, the court explicitly delimited the purpose of the remand. "On remand," the court stated, "the PUC shall give explicit consideration to the reduction of GHG emissions in determining whether to approve the Amended PPA, and make the findings necessary for this court to determine whether the PUC satisfied its obligations under HRS § 269-6(b)." HELCO I at 25, 445 P.3d at 697. These remand instructions circumscribed the scope of the attendant vacatur.

The PUC should have examined HELCO I's final line "in conjunction with the opinion of the appellate tribunal and the particular facts, circumstances, and procedural history of the case . . . " SugarHouse HSP Gaming, L.P. v. Pennsylvania Gaming Control Bd., 162 A.3d 353, 371 (Pa. 2017). Had it done so, it would have understood that HELCO I did not disturb, modify, or vacate the 2017 waiver. The court used the "2017 D&O" in the final sentence of the opinion as a synecdoche for those parts of the D&O that were implicated by the court's discussion of the case on appeal.

7

Because HELCO I had no impact on the 2017 waiver, the waiver was still in effect when the PUC re-opened Docket No. 2017-0122. It was still in effect when the PUC issued Order No. 37205. And it was still in effect when the PUC denied Hu Honua's motion for reconsideration.[3]

The PUC's Order Nos. 37205 and 37306 are predicated, both logically and legally, on the PUC's misreading of HELCO I. They flow from the faulty premise that HELCO I nullified the 2017 waiver when, in fact, the HELCO I opinion presumed the existence of that very same waiver. The PUC's wrong conclusion of law concerning HELCO I's true intent and meaning is the antecedent of the two orders. It is the orders' but-for cause and as it falls, so must they too.

## III. CONCLUSION

We vacate PUC Order Nos. 37205 and 37306.

As a result, the parties are fixed in the same position they were in following HELCO I: the PUC's 2017 approval of the Amended PPA remains vacated, the 2017 waiver remains valid and in force, and the PUC, in considering the Amended PPA, remains obligated to follow the instructions we provided in HELCO I. We thus remand this case to the PUC for a hearing on the Amended PPA that "complies with procedural due process" as

---

[3] We express no opinion as to the PUC's discretion, if any, to address the 2017 waiver; we merely hold that HELCO I and its remand instructions did not affect the waiver.

well as the requirements of HRS Chapter 269. The PUC's post-remand hearing:

> must afford LOL an opportunity to meaningfully address the impacts of approving the Amended PPA on LOL's members' right to a clean and healthful environment, as defined by HRS Chapter 269. The hearing must also include express consideration of GHG emissions that would result from approving the Amended PPA, whether the cost of energy under the Amended PPA is reasonable in light of the potential for GHG emissions, and whether the terms of the Amended PPA are prudent and in the public interest, in light of its potential hidden and long-term consequences.

HELCO I at 26, 445 P.3d at 698.

The PUC shall re-open Docket No. 2017-0122 for proceedings consistent with this opinion and HELCO I forthwith.

Bruce D. Voss,
(John D. Ferry III, Dean T. Yamamoto, Wil K. Yamamoto, and Bradley S. Dixon on the briefs)
for Hu Honua Bioenergy, LLC

Joseph A. Stewart,
(Marissa L.L. Owens, David M. Louie, Bruce Nakamura, and Aaron R. Mun on the briefs)
for Hawai'i Electric Light Company, Inc.

Kimberly T. Guidry,
(Kaliko'onalani D. Fernandes on the briefs)
for Public Utilities Commission

Lance D. Collins,
(Bianca K. Isaki on the briefs)
for Life of the Land

Sandra-Ann Y.H. Wong,
for Tawhiri Power LLC

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

