**Electronically Filed**
**Supreme Court**
**SCOT-22-0000024**
**04-FEB-2022**
**09:50 AM**
**Dkt. 37 OGMD**

SCOT-22-0000024

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

In the Matter of the Application of

HAWAI'I ELECTRIC LIGHT COMPANY, INC.

For Approval of a Power Purchase Agreement for Renewable
Dispatchable Firm Energy and Capacity.

APPEAL FROM THE PUBLIC UTILITIES COMMISSION
(Docket No. 2017-0122)

<u>ORDER GRANTING APPELLEE LIFE OF THE LAND'S MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

This court has jurisdiction over appeals from the Public
Utilities Commission's (PUC) "final decision" in a contested
case. See Hawai'i Revised Statutes (HRS) §§ 91-14(a) (2012 &
Supp. 2019), 269-15.51 (2020). It also has jurisdiction over
appeals from preliminary PUC rulings in contested cases <u>if</u>
forcing the appellant to wait until the entry of a final
decision would "deprive appellant of adequate relief." HRS
§ 91-14(a).

Hu Honua Bioenergy, LLC (Hu Honua) appeals two PUC orders:

(1)  Order No. 38169, "Denying Hu Honua Bioenergy, LLC's

Motion to Continue Hearing" (dated January 6, 2022); and

(2)  Order No. 38183, "Addressing Hu Honua Bioenergy, LLC's

Motion Regarding Applicability of HRS § 269-6" (dated

January 13, 2022).

These orders concern a contested case hearing.  But, as Hu Honua concedes, they are not "final decisions" of the PUC for the purposes of HRS §§ 91-14(a) or 269-15.51(a).

Nor do they come within any of the recognized exceptions to the finality requirement.

They aren't collateral orders.  See Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (stating requirements for appealability under the collateral order doctrine).

They aren't interlocutory orders.  See HRS § 641-1(b) (2016) (outlining requirements for an appeal from an interlocutory order).

And they're definitely not judgments for execution upon property.  See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (describing exception to the finality requirement for appeals from judgment for execution upon property).

These are standard-issue preliminary orders.

2

The first is a denial of Hu Honua's motion to continue an evidentiary hearing scheduled to start on January 31, 2022.

An appeal taken from the denial of a *motion to continue* would be remarkable in any circumstance.  But this appeal is particularly outlandish because for months Hu Honua assented to and complied with the PUC's procedural schedule.  Hu Honua said nothing when, in June 2021, the PUC said it expected to schedule the evidentiary hearing for "the week of January 10, 2021[1] [sic]."  And in December 2021, when the Consumer Advocate moved to push the evidentiary hearing from the week of January 10th to the week of January 24th, Hu Honua responded by saying it "has confirmed that all of its witnesses are available during the week of January 24, 2022 and, therefore, has no objection to the Consumer Advocate's Motion for Enlargement of Time."  Then, for weeks after the PUC's December 7, 2021 order (Order No. 38104), setting a <u>virtual</u> evidentiary hearing for the week of January 31, 2022,[2] Hu Honua continued adhering to the PUC's procedural schedule.  It filed its prehearing statement of position and

[1]     The "2021" was a typographical error; the PUC's procedural schedule on remand came out in June 2021 and set the "prehearing conference" for January 4, 2022, so Hu Honua knew from context that the evidentiary hearing was set for the week of January 10, <u>2022</u>.

[2]     Hu Honua did not move to reconsider Order No. 38104.  <u>See</u> Hawaiʻi Administrative Rules § 16-601-137 (requiring that a motion for reconsideration of a PUC order be filed within ten days after the order is served on the party).

witness list, for instance, without voicing any objections to the hearing's date or its virtual format.

Only in early January 2022 did Hu Honua move to continue the evidentiary hearing. When it didn't get its way, see Order No. 38169, Hu Honua decided to appeal the PUC's denial of its *scheduling motion* to this court.

Hu Honua also appeals the PUC's Order No. 38183. In that order, the PUC clarified its interpretation of its statutory obligations under HRS Section 269(b), as amended by Act 82.

In Matter of Hawai'i Electric Light Co., Inc., 149 Hawai'i 239, 487 P.3d 708 (2021), we told the PUC to "re-open Docket No. 2017-0122 for proceedings consistent with this opinion . . . forthwith." Id. at 242, 487 P.3d at 711 (emphasis added). The PUC was doing just that until Hu Honua decided to appeal two non-final, non-appealable preliminary orders.

If Hu Honua disagrees with a "final decision" in Docket No. 2017-0122 - for example because it thinks the PUC relied on a misreading of a relevant statute in reaching that final decision - it may appeal the PUC's decision to this court. See HRS §§ 91-14(a), 269-15.51(a). And we will judiciously and fairly consider the merits of its arguments in due course.

But until the PUC issues a final decision - or some other decision immediately appealable under HRS § 91-14(a) – in Docket

4

No. 2017-0122, any appeal by Hu Honua (including this one) merely creates unnecessary delay.

Life of the Land's January 26, 2022 motion to dismiss is granted.

This case, SCOT-22-0000024, is dismissed for lack of appellate jurisdiction; all pending motions in SCOT-22-0000024 are dismissed as moot.

DATED:  Honolulu, Hawai'i, February 4, 2022.

/s/ Mark E. Recktenwald
/s/ Paula A. Nakayama
/s/ Sabrina S. McKenna
/s/ Michael D. Wilson
/s/ Todd W. Eddins