**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000538
28-FEB-2024
08:12 AM
Dkt. 82 SO**

NO. CAAP-19-0000538

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ELESTHER CALIPJO, Plaintiff-Appellee,
v.
JACK PURDY, REGAL CAPITAL CORPORATION,
REGAL CAPITAL COMPANY, LLC, Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 04-1-0003)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Jack Purdy (**Purdy**) appeals from the post-judgment Order Denying Defendants' Motion: (1) to Enforce April 23, 2019 Supreme Court Opinion and December 22, 2017 Intermediate Court of Appeals Decision on Remand, (2) for Order Directing Calipjo to Disgorge to Purdy All Monies He Paid in Satisfaction of the Underlying Judgment Against Him Personally with Applicable Interest, (3) for Reconsideration of Order Granting in Part Plaintiff Elesther Calipjo's Motion for Attorneys' Fees and Costs Pursuant to [Hawaii Revised Statutes (**HRS**)] Chapter 480, and (4) for Taxation of Attorneys' Fees and Costs Filed May 27, 2017 (**Order Denying Motion to Enforce**)

entered by the Circuit Court of the Fifth Circuit (**Circuit Court**) on July 9, 2019.[1]

Purdy raises a single point of error, contending that the Circuit Court erred by not granting Purdy's May 29, 2019 motion to enforce (**Motion to Enforce**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Purdy's point of error as follows:

The Circuit Court denied the Motion to Enforce based on its understanding that the appellate courts did not intend for the Circuit Court to take any further action in this case. This is understandable.

In main, the Hawaiʻi Supreme Court rejected this court's (the **ICA's**) rejection of the jury verdict finding that Purdy was the alter ego of Regal Corp. and Regal LLC. See Calipjo v. Purdy, 144 Hawaiʻi 266, 282, 439 P.3d 218, 234 (2019) (**Supreme Court Opinion**); Calipjo v. Purdy, No. CAAP-14-0001305, 2017 WL 6547461, at *4-*6 (Haw. App. Dec. 22, 2017) (SDO) (**ICA Disposition**). However, the supreme court affirmed in part the ICA Disposition, as well as vacated much of it. Here, we try to address the proper disposition of this case after the Supreme Court Opinion and whether Purdy may be entitled to, *inter alia*, some money back from Plaintiff-Appellee Elesther Calipjo (**Calipjo**).

---

[1]     The Honorable Randal G.B. Valenciano presided.

First, it is well-established that appellate jurisdiction "ordinarily terminates upon the appellate court's filing its judgment on appeal." State v. Harrison, 95 Hawaiʻi 28, 30, 18 P.3d 890, 892 (2001) (citing State v. Ortiz, 91 Hawaiʻi 181, 197, 981 P.2d 1127, 1143 (1999)). "Once the appellate court files its judgment on appeal, the trial court reacquires jurisdiction." Id.; see also Korean Buddhist Dae Won Sa Temple of Haw. v. Concerned Citizens of Palolo, 107 Hawaiʻi 371, 383-84, 114 P.3d 113, 125-26 (2005) (**Korean Buddhist**). In this case, the supreme court entered its judgment on May 21, 2019. Thereafter, the Circuit Court reacquired jurisdiction for purposes of any post-judgment litigation. See Harrison, 95 Hawaiʻi at 30, 18 P.3d at 892; Korean Buddhist, 107 Hawaiʻi at 383, 114 P.3d at 125.

Next, we go back to the original Circuit Court proceedings. At trial, Calipjo sought relief against Purdy, Regal Corp., and Regal LLC for, *inter alia*, their alleged unfair and deceptive trade practices.[2] The jury found that Purdy, Regal Corp., and Regal LLC engaged in unfair and deceptive trade practices and that Purdy was the alter ego of both Regal Corp. and Regal LLC. The Judgment stated, in pertinent part:

---

[2] The tenth claim for relief in the First Amended Complaint stated:

**TENTH CLAIM FOR RELIEF**
**(Unfair and Deceptive Trade Practices)**

95. PURDY, REGAL CORP, and REGAL LLC are liable to MR. CALIPJO for unfair trade practices and unfair competition in violation of HRS §480-2 and §480-13, thereby entitling him to treble damages and attorneys' fees and costs in an amount to be proved at trial.

> with respect to Count 10 of the First Amended Complaint (unfair and deceptive trade practices claim), $166,865.00 against Defendant Jack Purdy, $166,875.00 against Defendant Regal Capital Corporation, and $7,500.00 against Defendant Regal Capital Company, LLC, plus statutory interest currently in the amount of ten percent (10%) per annum until paid in full;
>
> . . . .
>
> with respect to the monetary judgments entered against both Regal Capital Corporation and Regal Capital Company, LLC, Defendant Jack Purdy shall be joint and severally liable.

On appeal, the ICA concluded that there was no evidence that Purdy was the alter ego of Regal Corp., as there was no evidence that Regal Corp. failed to comply with the law or that it was used to abuse a third party. ICA Disposition, 2017 WL 6547461, at *3-*4. This conclusion was subsequently vacated. See Supreme Court Opinion, 144 Hawaiʻi at 282, 439 P.3d at 234.

The ICA further concluded that the Circuit Court erred in refusing to enter judgment as a matter of law as to the unfair or deceptive trade practices against Purdy and Regal LLC. ICA Disposition, 2017 WL 6547461 at *4. Regarding Purdy, we reasoned that he was not a party to either Deposit Receipt Offer and Acceptance (**DROA**), and that HRS § 480-17 did not apply because Regal Corp.'s unfair or deceptive acts did not invoke any penal provisions of HRS chapter 480. Id. at *4-*6. As such, Regal Corp.'s unfair or deceptive acts were not deemed to also be the acts of Purdy. Id.

The supreme court stated that it considered on one issue:

> whether this Court erred in concluding "there was no evidence to support the jury's verdict that (1) [Purdy] was the alter ego of [Regal Corp.] and [Regal LLC], (2) Regal Corp. breached the contracts it entered into with Calipjo, and (3) Regal LLC committed unfair and deceptive acts or practices."

4

Supreme Court Opinion, 144 Hawaiʻi at 267-68, 439 P.3d at 220-21.[3]

The supreme court reinstated Purdy's liability as to Count 10 of the First Amended Complaint by concluding that there was evidence to support the jury's finding that he was the alter ego of both Regal Corp. and Regal LLC. Id. at 282, 439 P.3d at 234.[4] As repeatedly explained by the supreme court, alter ego liability is not a claim for substantive relief, rather, it allows an aggrieved party to expand the reach of a judgment to a second entity or person:

> This court has held that the alter ego doctrine does not create a separate cause of action, but rather, creates a means for an individual (the alter ego) to be held personally liable for a cause of action against a corporate entity:
>
>> A claim based on the alter ego theory is not in itself a claim for substantive relief, but rather to disregard the corporation as a distinct defendant is procedural. A finding of fact of alter ego, standing alone, creates no cause of action. It merely furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation. An attempt to pierce the corporate veil is a means of imposing liability on an underlying cause of action, such as a tort or breach of contract. The alter ego doctrine is thus remedial, not defensive, in nature. One who seeks to disregard the

---

[3]   The supreme court also vacated the ICA's holding that the Circuit Court erred in determining that Regal LLC was not entitled to attorneys' fees. Supreme Court Opinion, 144 Hawaiʻi at 281 n.27, 439 P.3d at 233 n.27.

[4]   In reinstating alter ego liability, the supreme court reasoned:

The ICA's holding that no evidence supported the jury's verdict that Regal Corp. breached the DROAs, Regal LLC engaged in unfair and deceptive acts or practices, and Purdy was the alter ego of Regal Corp. and Regal LLC was error. Because evidence supported the jury's verdict that Purdy is the alter ego, he is liable for breach of contract, breach of the covenant of good faith and fair dealing, and unfair and deceptive acts or practices. Accordingly, we affirm in part and vacate in the part the January 24, 2018 judgment of the ICA and reinstate the circuit court's July 18, 2014 final judgment.

Supreme Court Opinion, 144 Hawaiʻi at 282, 439 P.3d at 234 (emphasis added).

> corporate veil must show that the corporate form has been abused to the injury of a third person.
>
> Robert's Hawaii, 91 Hawaiʻi at 241, 982 P.2d at 870 (emphasis in original) (quoting 1 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 41.10, at 568-81 (perm. ed. 1999)).  **Although Purdy was not named as a party to the DROAs, the jury determined that he functioned as the alter ego of Regal Corp. and Regal LLC. Because the jury found that Purdy was the alter ego of Regal Corp. and Regal LLC, Purdy was held liable for the underlying claims.**

Id. (some citations and footnote omitted; bolded emphasis added).

The supreme court did not, however, disturb our conclusion that Purdy was not directly liable because he was not a party to either DROA, and because HRS § 480-17(a) did not apply.  See ICA Disposition, 2017 WL 6547461 at *4, *6.  Rather, the supreme court held that this Court erred because we "erroneously overturned the jury's verdict regarding alter ego and reversed the judgment against Purdy for breach of contract, breach of the covenant of good faith and fair dealing, and unfair and deceptive acts or practices."  Supreme Court Opinion, 144 Hawaiʻi at 282, 439 P.3d at 234.  Accordingly, Purdy was liable as to Count 10 *because* he was alter ego of both Regal Corp. and Regal LLC.

The confusion seemingly stems not from the supreme court's conclusions and reasoning in the Supreme Court Opinion, but rather in its directive to reinstate the Circuit Court's judgment.  See id.  On remand, or in this case upon the termination of appellate jurisdiction, "a trial court must closely adhere to the true intent and meaning of the appellate court's mandate."  In re Haw. Elec. Light Co., Inc., 149 Hawaiʻi 239, 241, 487 P.3d 708, 710 (2021) (**In re HELCO**) (citing State v. Lincoln, 72 Haw. 480, 485, 825 P.2d 64, 68 (1992)).  "The 'true

6

intent and meaning' of a reviewing court's mandate is not to be found in a solitary word or decontextualized phrase, but rather in the opinion, as a whole, read in conjunction with the judgment and interpreted in light of the cases's procedural history and context." Id. (citation omitted).

Here, the true intent and meaning of the Supreme Court Opinion, read as a whole, is that alter ego liability made Purdy liable for the "corporate obligations" of Regal Corp. and Regal LLC. It did not create a separate cause of action against Purdy, "but rather, create[d] a means for [Purdy] (the alter ego) to be held personally liable for a cause of action" against Regal Corp. and Regal LLC. See Supreme Court Opinion, 144 Hawaiʻi at 282, 439 P.3d at 234. As the supreme court noted, Purdy was not a party to the DROAs, but "[b]ecause the jury found that Purdy was the alter ego of Regal Corp. and Regal LLC, Purdy was held liable for the underlying claims." Id. The supreme court did not intend to create or imply an independent cause of action against Purdy arising from his alter ego liability.

In this light, we turn to the Order Denying Motion to Enforce. On January 6, 2015, Calipjo filed Plaintiff's Partial Satisfaction of Final Judgment, acknowledging receipt of $9,362.30 paid by Regal LLC. Calipjo also released his judgment lien against Regal LLC. On February 2, 2016, Calipjo filed a second Plaintiff's Partial Satisfaction of Final Judgment, acknowledging receipt of $406,379.90 paid by Purdy and Regal Corp. On May 10, 2016, Calipjo filed a Satisfaction and Release of Judgment, acknowledging that he had been paid in full.

In the Motion to Enforce and on this appeal, Purdy asserts that in light of the appellate courts opinions that followed the payments he made on the Circuit Court's judgment, he overpaid Calipjo; *i.e.*, his personal liability was *as* the alter ego of the entities, not *in addition* to his alter ego liability. This argument is consistent with our reading of the ICA Disposition and the Supreme Court Opinion. Thus, to the extent that Purdy paid Calipjo in excess of the amounts due jointly and severally with the entities, we conclude that the Motion to Enforce should have been granted.

Purdy further argues that he is entitled to the "statutory interest rate" on the amount he overpaid. However, Purdy cites no authority for this proposition and we conclude that it is without merit. In addition, Purdy argues he prevailed on all causes of action asserted against him and is thus entitled to costs and attorneys' fees pursuant to HRS §§ 607-9 (2016) and 607-14 (2016). This argument is without merit as the gravamen of the Supreme Court Opinion was that Purdy was personally liable as the alter ego of Regal Corp. and Regal LLC.

For these reason, the Circuit Court's July 9, 2019 Order Denying Motion to Enforce is vacated in part, so that the Circuit Court can determine the amount that Purdy paid Calipjo in excess of the amounts due jointly and severally with the entities, and this case is remanded to the Circuit Court to entertain any further proceedings consistent with this limited

relief.  The Circuit Court's July 9, 2019 Order Denying Motion to Enforce is otherwise affirmed.

DATED: Honolulu, Hawaiʻi, February 28, 2024.

On the briefs:

Richard E. Wilson,
for Defendants-Appellants.

Donna E. Richards,
Mark R. Zenger,
(Richards & Zenger),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge