NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000534**
**17-MAY-2024**
**07:51 AM**
**Dkt. 112 SO**

NO. CAAP-19-0000534

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CLAUDIA ROHR, Plaintiff-Appellant,
v.
COUNTY OF HAWAIʻI WINDWARD PLANNING COMMISSION;
COUNTY OF HAWAIʻI PLANNING DEPARTMENT,
Defendants-Appellees,
and
HU HONUA BIOENERGY, LLC, Intervenor-Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-0384)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

We dismiss this appeal as moot.[1]

Self-represented Plaintiff-Appellant Claudia Rohr
(**Rohr**) appeals from the (1) October 15, 2018 "Order Denying
Motion for Leave to File Supplemental Complaint Filed August 3,
2018"; (2) December 21, 2018 "Order Denying [Rohr]'s Motion for

---

[1] As this is a dismissal order, no judgment will be entered.

Reconsideration of the Motion for Leave to File Supplemental Complaint, Filed September 26, 2018"; (3) December 21, 2018 "Order Granting [Intervenor-Defendant-Appellee] Hu Honua Bioenergy, LLC's [(**Hu Honua**)] Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction or for Summary Judgment, Filed July 5, 2018"; (4) April 24, 2019 Final Judgment; (5) June 26, 2019 "Order Denying [Rohr]'s Motion for Reconsideration, Filed May 6, 2019"; and (6) July 31, 2019 "Order Denying [Rohr]'s Motion Relief [sic] from Judgment and Motion to Join Party, Filed June 4, 2019," all filed and entered by the Circuit Court of the Third Circuit (**Environmental Court**).[2]

Upon careful review of the record, the briefs submitted by the parties, their responses to our April 23, 2024 Order to Show Cause (**OSC**) regarding mootness, and having given due consideration to the arguments advanced and the issues raised, we dismiss.

Rohr's appeal challenges whether the Public Utilities Commission's (**PUC**) 2017 approval of Hawaiʻi Electric Light Company, Inc.'s (**HELCO**) amended power purchase agreement (**PPA**) (**2017 PPA Approval**) with Hu Honua violated the Hawaiʻi Environmental Policy Act (**HEPA**). On September 20, 2018, the Environmental Court held that the 2017 PPA Approval did not trigger HEPA review because the PPA was not an "action," and granted summary judgment on Rohr's Complaint.

We take judicial notice of the dockets and records in related cases, Matter of Haw. Elec. Light Co., Inc. (**HELCO I**), 145 Hawaiʻi 1, 445 P.3d 673 (2019), Matter of Haw. Elec. Light Co., Inc. (**HELCO II**), 149 Hawaiʻi 239, 487 P.3d 708 (2021), and

_____

[2] The Honorable Greg K. Nakamura presided.

Matter of Haw. Elec. Light Co., Inc. (**HELCO III**), 152 Hawai'i 352, 526 P.3d 329 (2023), entered since the filing of the record in this appeal.

Appellant Life of the Land appealed the 2017 PPA Approval and denial of its intervention in HELCO I; and in 2019, the Hawai'i Supreme Court vacated the 2017 PPA Approval, instructing the PUC to hold a new hearing on the PPA and allowing Life of the Land to participate. 145 Hawai'i at 10, 25, 445 P.3d at 682, 697. Following the hearing on remand, Hu Honua appealed regarding the scope of the remand in HELCO II, and in 2021, the Hawai'i Supreme Court remanded for the PUC to conduct a new contested case hearing on the PPA. 149 Hawai'i at 241-42, 487 P.3d at 710-11. In 2022, the PUC issued an order denying the PPA (**2022 PPA Denial**) because it found that the PPA "was not in the public interest." HELCO III, 152 Hawai'i at 356, 526 P.3d at 333. Hu Honua appealed, and the 2022 PPA Denial was affirmed by the supreme court in 2023 in HELCO III. Id. at 356, 359, 526 P.3d at 333, 336.

We issued an April 23, 2024 OSC, requesting the parties to respond regarding whether this appeal should be dismissed for lack of appellate jurisdiction due to mootness, where the 2017 PPA Approval was vacated in HELCO I; the PPA was ultimately denied in the 2022 PPA Denial; and the Hawai'i Supreme Court affirmed the 2022 PPA Denial in 2023 in HELCO III.

On April 29 and May 7, 2024, Defendants-Appellees County of Hawai'i Windward Planning Commission, County of Hawai'i Planning Department (collectively, the **County**), and Hu Honua filed their responses stating that they agreed this appeal is moot for the reasons set forth in the OSC. Also on May 7, 2024,

Rohr filed a response and argued the case is not moot because two exceptions to the mootness doctrine applied.

Hawaiʻi appellate courts have recognized three exceptions to the mootness doctrine: (1) capable of repetition, yet evading review (**CRER**); (2) public interest; and (3) collateral consequences. US Bank Nat'l Assoc. as Tr. for Citigroup Mortg. Loan Tr. Inc. Mortg.-backed Notes, Series 2005-11 v. Greenberg, No. CAAP-19-0000065, 2023 WL 7104851, at *4 (Haw. App. Oct. 27, 2023) (SDO) (citing Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5-10, 193 P.3d 839, 843-48 (2008);[3] Carmichael v. Bd. of Land & Nat. Res., 150 Hawaiʻi 547, 560, 506 P.3d 211, 224 (2022).

With regard to the CRER exception, the supreme court has explained that:

> The phrase, "capable of repetition, yet evading review," means that a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit.

Lethem, 119 Hawaiʻi at 5, 193 P.3d at 843 (cleaned up). Rohr argues that this matter is "capable of repetition" because Hu Honua will eventually pursue "a new contract with HE[L]CO for the same biomass power plant." Here, assuming arguendo a new PPA may be pursued in the future and the matter is thus "capable

---

[3] The Hawaiʻi Supreme Court adopted the third exception for "collateral consequences" in Lethem, to allow appellate review of a ninety-day temporary restraining order (**TRO**), recognizing that a TRO "by its very nature" would "always evade review . . . ." 119 Hawaiʻi at 6, 193 P.3d at 844. The Lethem court applied the collateral consequences exception because "there [wa]s a reasonable possibility that the family court's issuance of the [(minor's)] TRO against Father [would] cause harm to Father's reputation . . . ." Id. at 12, 193 P.3d at 850.

4

of repetition," it would not "evade full review . . . ." A PPA is not subject to a time restriction or expiration that would prevent such review, unlike the TRO in Lethem. See id. at 6, 193 P.3d at 844. We conclude the CRER exception to the mootness doctrine does not apply.

"When analyzing the public interest exception, this court looks to (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question." Id. at 6-7, 193 P.3d at 844-45 (cleaned up). Rohr argues that the matter is "of great public concern," and a decision is needed to "advise public officials" on whether an environmental assessment is required when reviewing applications for PPAs. Here, the issue on appeal concerned whether the 2017 PPA Approval was an "action" triggering HEPA review, and HEPA compliance is a matter of public concern. HELCO I, however, ***vacated*** the 2017 PPA Approval, rendering it a nullity. See HELCO III, 152 Hawai'i at 354, 526 P.3d at 331 (reaffirming that the supreme court vacated the 2017 PPA Approval in HELCO I); Tri-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 497, 135 P.3d 82, 106 (2006) ("The vacated order below is thus a nullity, and any error contained therein is now without effect." (citation omitted)). We conclude that "an authoritative determination for future guidance of public officers" on the applicability of HEPA to a vacated order that is a nullity is neither practical nor desirable. See Tri-S Corp., 110 Hawai'i at 497, 135 P.3d at 106; Lethem, 119 Hawai'i at 6-7, 193 P.3d at 844-45 (citation omitted). Thus, the public interest exception to the mootness doctrine does not apply.

For the foregoing reasons, IT IS HEREBY ORDERED that this appeal is dismissed.

DATED:  Honolulu, Hawaiʻi, May 17, 2024.

On the briefs:

Claudia Rohr,
Self-Represented Plaintiff-
Appellant.

D. Kaena Horowitz,
Deputy Corporation Counsel
for Defendants-Appellees.

Rex Y. Fujichaku,
for Intervenor-Defendant-
Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge