*** NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-19-0000538
14-FEB-2025
12:53 PM
Dkt. 7 MO

SCWC-19-0000538

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

ELESTHER CALIPJO,
Petitioner/Plaintiff-Appellee,

vs.

JACK PURDY; REGAL CAPITAL CORPORATION;
REGAL CAPITAL COMPANY, LLC,
Respondents/Defendants-Appellants.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000538; CASE NO. 5CC041000003)

MEMORANDUM OPINION
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

Currently before us is a second appeal in this case. In 2011, Petitioner/Plaintiff-Appellee Elesther Calipjo (**Calipjo**) brought suit against Respondents/Defendants-Appellants Jack Purdy (**Purdy**), Regal Capital Corporation (**Regal Corp.**), and Regal Capital Company, LLC (**Regal LLC**) (collectively, **Respondents**) asserting claims related to agreements to purchase two properties located on Kaua‘i. After a jury trial, the Circuit Court of the Fifth Circuit[1] (**Circuit Court**) entered final

---

[1] The Honorable Randal G.B. Valenciano presided.

judgment on July 18, 2014 (**Final Judgment**).  With regard to **Count 10** of Calipjo's First Amended Complaint, which asserted a claim for unfair and deceptive acts or practices (**UDAP**), judgment was entered in favor of Calipjo as follows: (a) $166,865[2] against Purdy, (b) $166,875 against Regal Corp., and (c) $7,500 against Regal LLC, plus statutory interest.  The Final Judgment also provided that Purdy was jointly and severally liable for the monetary judgments entered against both Regal Corp. and Regal LLC.

The instant appeal addresses the effect of this court's prior decision in Calipjo v. Purdy, 144 Hawaiʻi 266, 439 P.3d 218 (2019) (**Calipjo I**) on the judgment against Purdy for the UDAP claim.  Specifically, the question we address is whether Calipjo I, which reinstated the Circuit Court's Final Judgment, intended to only reinstate the judgment against Purdy to the extent he is liable jointly and severally for the judgments entered against Regal Corp. and Regal LLC, or whether Purdy is also liable for the judgment against him individually on the UDAP claim.  The Intermediate Court of Appeals (**ICA**) held that, under Calipjo I, alter ego liability made Purdy liable for

---

[2]  Given the special verdict amount of $55,625 against Purdy for the UDAP claim, it appears this amount for treble damages should have been $166,875.

the obligations of Regal Corp. and Regal LLC, but that Purdy was not liable for the independent UDAP judgment against him.

We conclude, given this court's opinion and judgment on appeal entered in Calipjo I, the Circuit Court's July 18, 2014 Final Judgment was reinstated in its entirety. Accordingly, Purdy is liable to the full extent under the Final Judgment, including the judgment against him individually on the UDAP claim. We reverse the ICA's judgment on appeal entered in this second appeal to the extent the ICA determined that Purdy was entitled to require Calipjo to disgorge funds previously paid to Calipjo.

## I. Background

The facts of this case are detailed in Calipjo I. 144 Hawai'i at 268-70, 439 P.3d at 220-22. Relevant facts for the UDAP claim are summarized here.

In August 2002, when Purdy was Regal Corp.'s sole owner and operator, Regal Corp. entered into two separate contracts with Calipjo for the sale of a unit at the Moana Ranch Estates (**Moana property**) and a unit at the Ali'i Ranch Estates (**Ali'i property**). Calipjo's purchase of the Moana property was contingent on his purchase of the Ali'i property. The contract on the Ali'i property gave Calipjo the option to purchase once a Final Condominium Public Report (**FCPR**) was issued. When Calipjo initially signed it, the Ali'i property contract also gave him,

3

but not Regal Corp., the option to terminate within a specified time period.

After Regal Corp.'s real estate agent, Tom Summers (**Summers**), provided Purdy with copies of the contracts, Purdy instructed Summers to add the phrase "or Seller" to the condition that allowed termination of the Aliʻi property contract. Given that the purchase of the Moana property was contingent on the purchase of the Aliʻi property, this change would give Regal Corp. the right to terminate both contracts. After being instructed to make the change by Purdy, Summers met with Calipjo to have Calipjo initial and backdate the amended language. According to Calipjo, Summers told him the amendment would not change his position and it was "a mere technicality with the CPR laws that they're doing." Summers testified that he told Calipjo the amendment was Purdy's counteroffer and if Calipjo did not want to acknowledge it, he would not have a reservation agreement. Calipjo asserted he relied on Summers's representation, had no prior experience with CPRs, and initialed the change to the Aliʻi property contract.

While waiting for issuance of the FCPR, Calipjo found interested buyers for the properties and entered contracts to subsequently resell the units. In turn, Purdy realized he could do something better with the properties. Eventually, Regal Corp. transferred its interest in the two properties to Regal

4

LLC for no consideration.  Purdy was the sole member and manager of Regal LLC.

In August 2003, Calipjo received a letter from Purdy stating that Regal Corp. was exercising its right to cancel the Ali'i property contract, which also effectively prevented the sale of the Moana property.  Calipjo refused to cancel the escrow and returned refund checks that Regal Corp. had sent to him.

Calipjo testified that, years after Purdy canceled the contracts, Purdy approached Calipjo outside of the Kaua'i courthouse and said he had never intended to sell the properties to Calipjo.

## A.    Jury Trial

The case was tried before a jury which rendered its decision in a Special Verdict Form.  On the UDAP claim, the jury's Special Verdict Form specified that the jury found that Purdy, Regal Corp. and Regal LLC each "engaged in an act or practice that was unfair or deceptive" and assessed damages incurred by Calipjo due to each defendant as follows: Purdy ($55,625), Regal Corp. ($55,625), and Regal LLC ($2,500).[3]

---

[3]  The jury also found Purdy and Regal Corp. liable for breach of contract and breach of the covenant of good faith and fair dealing, with regard to both contracts, and awarded nominal damages for these claims.

The jury also found that Purdy was the alter ego of both Regal Corp. and Regal LLC.

The Circuit Court thereafter entered the July 18, 2014 Final Judgment. On the UDAP claim, judgment was entered against Purdy, Regal Corp., and Regal LLC for treble damages.

## B. First Appeal to ICA

In the first appeal to the ICA, Respondents argued *inter alia* that the Circuit Court erred by denying motions for judgment as a matter of law and for directed verdict. In its Summary Disposition Order (**SDO**), the ICA held in relevant part that: there was no evidence to support the jury's verdict that Purdy was the alter ego of either Regal Corp. or Regal LLC; there was sufficient evidence to support the jury verdict of UDAP against Regal Corp., but not Regal LLC; and as to the UDAP claim against Purdy, Calipjo's reliance on Hawai‘i Revised Statutes (**HRS**) § 480-17(a) (2008)[4] was misplaced. Calipjo v. Purdy, No. CAAP-14-0001305, 2017 WL 6547461, at *3-6 (Haw. App. Dec. 22, 2017) (SDO) (**2017 ICA SDO**).

---

[4] HRS § 480-17(a), governing individual liability for a corporate or company act, provides, "[w]henever a corporation violates any of the penal provisions of this chapter, the violation shall be deemed to be also that of the individual directors, officers, or agents of the corporation who have authorized, ordered, or done any of the acts constituting in whole or in part the violation."

For the UDAP claim, the ICA reversed the treble damages of $166,865 entered against Purdy and the treble damages of $7,500 entered against Regal LLC.  The ICA affirmed the treble damages of $166,875 entered against Regal Corp.  Id. at *7.  The ICA also reversed the jury's finding that Purdy is the alter ego of Regal Corp. and Regal LLC.  Id.

C.    **First Appeal to Supreme Court**

Calipjo filed an application for writ of certiorari requesting review of the 2017 ICA SDO.  Among his arguments, Calipjo asserted that the ICA erred by: reversing the jury's finding that Purdy is the alter ego of Regal Corp. and Regal LLC; and reversing the judgment against Purdy and Regal LLC for UDAP.  Calipjo argued that the ICA's reversal of the UDAP judgment against Purdy was premised on its reversal of the jury finding that Purdy is the alter ego of Regal Corp. and Regal LLC.  Calipjo also pointed to evidence showing that Respondents never intended to sell the properties to Calipjo, including testimony by Summers and evidence about Purdy's direct statement to Calipjo in 2009, that he never intended to sell.  Calipjo argued that the actions of Purdy violated HRS § 480-2 (2008)[5] and that the jury found all of the Respondents liable for UDAP.

_____

[5]  HRS § 480-2, governing unfair competition and practices, provides:

In Calipjo I, the opinion summarizes its holding up front, stating:

> We hold that there was evidence to support the jury's verdict that Regal Corp. violated the terms of the agreements, Regal LLC engaged in unfair and deceptive acts or practices, and Purdy was the alter ego of Regal Corp. and Regal LLC. Therefore, the Intermediate Court of Appeals ("ICA") erred when it found that no evidence was introduced at trial to support these findings. Additionally, the ICA erred when it reversed the circuit court's final judgment against Purdy on the breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive acts or practices claims. We affirm in part and vacate in part the ICA's January 24, 2018 Judgment on Appeal and reinstate the circuit court's July 18, 2014 final judgment.

144 Hawaiʻi at 268, 439 P.3d at 220 (emphases added) (citation and footnote omitted).

Within the context of addressing the jury's finding that Purdy was the alter ego of Regal Corp. and Regal LLC, the

---

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

(b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

(c) No showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary in any action brought under this section.

(d) No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.

(e) Any person may bring an action based on unfair methods of competition declared unlawful by this section.

opinion also detailed Purdy's individual misconduct, and that there was evidence that "Purdy used Regal Corp. and Regal LLC to commit a fraud because he never intended to sell the properties to Calipjo." Id. at 280, 439 P.3d at 232. The opinion states that "[b]ecause the jury found that Purdy was the alter ego of Regal Corp. and Regal LLC, Purdy was held liable for the underlying claims." Id. at 282, 439 P.3d at 234. The opinion also notes, however, that "[o]n the special verdict form, with respect to the Ali'i and Moana property [Deposit Receipt Offer and Acceptances], the jury determined that Purdy breached his contractual obligations, failed to act with good faith and fair dealing, and committed unfair and deceptive acts or practices." Id. at 282 n.28, 439 P.3d at 234 n.28 (emphases added). The opinion concludes by stating that we "vacate in part[6] the January 24, 2018 judgment of the ICA and reinstate the circuit court's July 18, 2014 final judgment." Id. at 282, 439 P.3d at 234 (emphasis added). No motion for reconsideration or clarification was filed.

_____

[6] Calipjo I affirmed the ICA's judgment in part, explaining:

> The ICA also affirmed the judgment against Regal Corp. for breach of the covenant of good faith and fair dealing, unfair and deceptive acts or practices, and treble damages totaling $166,875.00 arising from the unfair and deceptive acts or practices claim. Calipjo, 2017 WL 6547461, at *7, 408 P.3d 885. Because these issues are not raised in the application to this court, we affirm the ICA's judgment in part.

144 Hawai'i at 276 n.22, 439 P.3d at 228 n.22.

This court's Judgment on Appeal in Calipjo I states that "the January 24, 2018 judgment of the Intermediate Court of Appeals is affirmed in part and vacated in part, and the July 18, 2014 final judgment of the Circuit Court of the Fifth Circuit is reinstated." (Emphasis added.) Neither the opinion nor the Judgment on Appeal in Calipjo I remanded the case to the Circuit Court.

**D. Motion to Enforce**

After Calipjo I, Respondents filed a motion in Circuit Court seeking to "enforce" Calipjo I, asserting that Purdy was entitled to require Calipjo to disgorge funds Purdy had paid to satisfy the judgment entered against him individually on the UDAP claim ($166,865), plus related attorneys' fees and interest he had also paid (**Motion to Enforce**). At the hearing on the Motion to Enforce, the Circuit Court denied the motion, pointing to the fact that in Calipjo I, this court had reinstated the Final Judgment and had not remanded the case to the Circuit Court for any further proceedings. On July 9, 2019, the Circuit Court entered its written order titled "Order Denying Defendants' Motion: 1) To Enforce April 23, 2019 Supreme Court Opinion and December 22, 2017 [ICA] Decision on Remand, 2) For Order Directing Calipjo to Disgorge to Purdy All Monies He Paid in Satisfaction of the Underlying Judgment Against Him Personally with Applicable Interest, 3) For Reconsideration of

10

Order Granting in Part Plaintiff Elesther Calipjo's Motion for Attorneys' Fees and Costs Pursuant to HRS Chapter 480, and 4) For Taxation of Attorneys' Fees and Costs Filed May 29, 2019" (**Order Denying Motion to Enforce**).

## E. Second Appeal

Respondents appealed to the ICA a second time. They argued the Circuit Court erred by denying the Motion to Enforce. In this second appeal, the ICA issued a SDO agreeing with Respondents that certain funds paid by Purdy to Calipjo should be disgorged. Calipjo v. Purdy, No. CAAP-19-0000538, 2024 WL 835266 (Haw. App. Feb. 28, 2024) (SDO) (**2024 ICA SDO**). The ICA reasoned that, under Calipjo I, "Purdy was liable as to Count 10 [the UDAP claim] *because* he was alter ego of both Regal Corp. and Regal LLC." Id. at *3 (emphasis in original). Thus, the ICA held, Purdy was only jointly and severally liable on the judgment against Regal Corp. and Regal LLC for the UDAP claim, and not for the judgment against him individually on the UDAP claim. Id. at *4. The ICA vacated in part the Circuit Court's Order Denying Motion to Enforce[7] and remanded the case "so that the Circuit Court can determine the amount that Purdy paid

_____

[7] The ICA affirmed in part the Order Denying Motion to Enforce because it held Purdy was not entitled to statutory interest on the amount he purportedly overpaid and was not the prevailing party for purposes of attorneys' fees under HRS §§ 607-9 (2016) and 607-14 (2016). Calipjo, 2024 WL 835266, at *4.

11

Calipjo in excess of the amounts due jointly and severally with the entities[.]" Id.

## II. Discussion

We granted Calipjo's application for writ of certiorari, which presents one question to this court:

> Whether the ICA erred in reversing in part the Circuit Court's July 9, 2019 Order Denying Motion to Enforce so that the Circuit Court can determine the amount that Purdy paid Calipjo in excess of the amounts due jointly and severally with the entities and to entertain any further proceedings consistent with this limited relief?

Calipjo argues that the Judgment on Appeal entered by this court following Calipjo I must control pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 36(d)(2). Calipjo also argues that we reinstated the July 18, 2014 Final Judgment and did not remand any issues back to the Circuit Court for further proceedings. Thus, Calipjo asserts we reinstated the Final Judgment in its entirety pursuant to the jury's verdict, with judgment against Purdy individually and as the alter ego of Regal Corp. and Regal LLC. Although Calipjo I can be read in varying ways, we agree with Calipjo that the intent of this court was to fully reinstate the Final Judgment.

First, both the opinion and Judgment on Appeal in Calipjo I clearly reinstated the Circuit Court's July 18, 2014 Final Judgment. In the opinion, this court twice stated that "[w]e . . . reinstate the circuit court's July 18, 2014 final judgment." 144 Hawaiʻi at 268, 282, 439 P.3d at 220, 234. The

Judgment on Appeal provided, "the July 18, 2014 final judgment of the Circuit Court of the Fifth Circuit is reinstated."

In the opinion, language pertaining to the UDAP claim against Purdy further shows that this court intended to fully reinstate the Circuit Court's Final Judgment. The title of Section IV.D in Calipjo I is "The Underlying Claims Against Purdy are Reinstated." Id. at 281, 439 P.3d at 233. In that section, this court stated that "the ICA erroneously overturned the jury's verdict regarding alter ego and reversed the judgment against Purdy for breach of contract, breach of the covenant of good faith and fair dealing, and unfair and deceptive acts or practices." Id. at 282, 439 P.3d at 234 (emphases added). Even though, as the ICA recognized, Purdy could not be held liable for Regal Corp. and Regal LLC's actions without an alter ego finding, this does not mean Purdy could not also be found personally liable for his own UDAP. In the special verdict form, the jury found that: (1) Purdy was the alter ego of Regal Corp. and Regal LLC; and (2) Purdy personally engaged in UDAP.

Second, Calipjo I expressly recognized that separate judgments were entered on Count 10 for the UDAP claim, detailing that the following judgments had been entered: "$166,865.00 against Defendant Jack Purdy, $166,875.00 against Defendant [Regal Corp.], and $7,500.00 against Defendant [Regal LLC], plus statutory interest[.]" 144 Hawaiʻi at 274 n.17, 439 P.3d at 226

13

n.17.  Thus, by reinstating the Final Judgment, this court intended to reinstate these amounts.

Third, to the extent any confusion arose from the opinion in Calipjo I and its conclusion to reinstate the Final Judgment, the Respondents could have filed a motion for reconsideration or for clarification.  No such motion was filed.

Fourth, and importantly, Calipjo I did not remand the case to the Circuit Court.  If Respondents' argument was correct, that Purdy is entitled to require Calipjo to disgorge funds paid by Purdy, we would have remanded for further proceedings.  Instead, after reinstating the Final Judgment, this court did not direct any further proceedings in the Circuit Court.

In situations where there has been a remand, this court has stated:

> (1) that "[i]t is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court," and (2) that "when acting under an appellate court's mandate, an inferior court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; . . . or intermeddle with it, further than to settle so much as has been remanded."  72 Haw. at 485–86, 825 P.2d at 68 (internal citations and quotation signals omitted).

Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Haw., 106 Hawai'i 416, 439, 106 P.3d 339, 362 (2005) (quoting in part from State v. Lincoln, 72 Haw. 480, 485-86, 825 P.2d 64, 68

(1992), cert. denied, 506 U.S. 846 (1992)).  Further, we have stated:

> On remand, a trial court must closely adhere to the true intent and meaning of the appellate court's mandate. . . .
>
> The "true intent and meaning" of a reviewing court's mandate is not to be found in a solitary word or decontextualized phrase, but rather in the opinion, as a whole, read in conjunction with the judgment and interpreted in light of the case's procedural history and context.  See Frost v. Liberty Mut. Ins. Co., 813 S.W.2d 302, 305 (Mo. 1991) ("It is well settled that the mandate is not to be read and applied in a vacuum.  The opinion is part of the mandate and must be used to interpret the mandate . . . .") (cleaned up).

Matter of Hawai'i Elec. Light Co., 149 Hawai'i 239, 241, 487 P.3d 708, 710 (2021) (citation omitted).  As noted, however, there was no remand from Calipjo I.

HRAP Rule 36(d)(2), governing judgment after supreme court review, provides in relevant part: "If an application for a writ of certiorari is accepted and the judgment of the intermediate court of appeals is vacated or otherwise modified in whole or in part, a new judgment on appeal shall be entered by the supreme court and is effective upon entry."  Pursuant to HRAP Rule 36(d)(2), Calipjo is correct that this court's May 21, 2019 Judgment on Appeal stating that "the July 18, 2014 final judgment of the Circuit Court of the Fifth Circuit is reinstated" is the effective judgment in this case.

In sum, the ultimate disposition in Calipjo I was clear - to reinstate the Circuit Court's Final Judgment. Further, neither the opinion nor the Judgment on Appeal in

15

Calipjo I remanded the case to the Circuit Court. Thus, the Circuit Court properly denied Purdy's Motion to Enforce.

The ICA erred by vacating in part the Circuit Court's July 9, 2019 Order Denying Motion to Enforce.

### III. Conclusion

For the reasons discussed above, the ICA's Judgment on Appeal entered on April 10, 2024, is reversed to the extent it vacated the Circuit Court's July 9, 2019 Order Denying Motion to Enforce. We affirm the Circuit Court's Order Denying Motion to Enforce.

DATED: Honolulu, Hawai'i, February 14, 2025.

| | |
|---|---|
| Donna E. Richards<br>Mark R. Zenger<br>for petitioner | /s/ Mark E. Recktenwald<br><br>/s/ Sabrina S. McKenna |
| Richard E. Wilson<br>for respondents | /s/ Todd W. Eddins<br><br>/s/ Lisa M. Ginoza<br><br>/s/ Vladimir P. Devens |

